UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

| | | |
|---|---|---|
| JAMES ROBERT WALDEN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 2:20-cv-00476-JPH-MJD |
| | ) | |
| PATRICK, et al. | ) | |
| | ) | |
| Defendants. | ) | |

**ORDER GRANTING DEFENDANTS' MOTION FOR SUMMARY JUDGMENT
AND DIRECTING ENTRY OF FINAL JUDGMENT**

James Robert Walden filed this lawsuit alleging that the defendants failed to protect him from an attack by another inmate at Wabash Valley Correctional Facility. The defendants have moved for summary judgment based on the affirmative defense that Mr. Walden failed to exhaust available administrative remedies before bringing suit. Mr. Walden has not responded, despite multiple extensions of the deadline to do so. Because Mr. Walden did not exhaust available administrative remedies before bringing suit, the defendants' motion for summary judgment is **GRANTED**, and this action is **DISMISSED** without prejudice.

## I.    Summary Judgment Standards

Summary judgment shall be granted "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A "material fact" is one that "might affect the outcome of the suit." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). The moving party must inform the court "of the basis for its motion" and

1

specify evidence demonstrating "the absence of a genuine issue of material fact." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). Once the moving party meets this burden, the nonmoving party must "go beyond the pleadings" and identify "specific facts showing that there is a genuine issue for trial." *Id.* at 324.

In ruling on a motion for summary judgment, the Court views the evidence "in the light most favorable to the non-moving party and draw[s] all reasonable inferences in that party's favor." *Zerante v. DeLuca*, 555 F.3d 582, 584 (7th Cir. 2009) (citation omitted). It cannot weigh evidence or make credibility determinations because those tasks are left to the fact-finder. *See O'Leary v. Accretive Health, Inc.*, 657 F.3d 625, 630 (7th Cir. 2011). The Court need only consider the cited materials, Fed. R. Civ. P. 56(c)(3), and need not "scour every inch of the record" for potentially relevant evidence. *Grant v. Trustees of Ind. Univ.*, 870 F.3d 562, 573−74 (7th Cir. 2017).

"The applicable substantive law will dictate which facts are material" at summary judgment. *National Soffit & Escutcheons, Inc., v. Superior Systems, Inc.*, 98 F.3d 262, 265 (7th Cir. 1996) (citing *Anderson,* 477 U.S. at 248).

## II.    Exhaustion Requirement

A prisoner must exhaust available administrative remedies before bringing a suit concerning prison conditions. 42 U.S.C. § 1997e(a). "Proper exhaustion demands compliance with an agency's deadlines and other critical procedural rules because no adjudicative system can function effectively without imposing some orderly structure on the course of its proceedings." *Woodford v. Ngo*, 548 U.S. 81, 90–91 (2006) (footnote omitted); *see Dale v. Lappin*, 376 F.3d 652, 655

(7th Cir. 2004) ("[T]o properly exhaust, a prisoner must submit inmate complaints and appeals 'in the place, and at the time, the prison's administrative rules require.'") (quoting *Pozo v. McCaughtry,* 286 F.3d 1022, 1025 (7th Cir. 2002)). The defendants bear the burden of proof regarding exhaustion. *See Thomas v. Reese*, 787 F.3d 845, 847 (7th Cir. 2015) ("Because exhaustion is an affirmative defense, the defendants must establish that an administrative remedy was available and that [the plaintiff] failed to pursue it.").

### III.   Undisputed Facts

For purposes of this motion, the Court assumes that the allegations in Mr. Walden's complaint are true. Mr. Walden was housed in the G Cell House at Wabash Valley Correctional Facility. Dkt. 1 at 3 (complaint). Officials moved him to P Cell House in May 2020 after an altercation with another inmate. *Id.* A few months later, he was moved back to G Cell House, even though he warned defendants Officer Patrick and Counselor Mrazik that he would be attacked there. *Id.* at 4. Shortly after returning to G Cell House, Mr. Walden was attacked at recreation. *Id.* at 4–5. He sustained rib injuries and a black eye. *Id.* at 5.

The Indiana Department of Correction has a grievance policy that governs how Wabash Valley Correctional Facility inmates must grieve their complaints about prison conditions. Dkt. 21-2 ("Offender Grievance Process"). The grievance process includes three steps: (1) a formal grievance, (2) a written appeal to the warden or the warden's designee, and (3) a written appeal to the department grievance manager. *Id.* at 9–13.

Aside from specific exceptions, the grievance process allows offenders to grieve "staff treatment," "[a]ctions of individual staff," or "[a]ny other concerns relating to the conditions of care or supervision within the Department." Dkt. 21-2 at 3. Mr. Walden learned of the grievance process during orientation and had access to it in the prison law library. Dkt. 21-1 at 5–6, ¶¶ 23–25 (Templeton Declaration). But he did not file even an initial formal grievance about the events giving rise to this suit. Dkt. 21-3 (Walden grievance history report).

## IV.    Discussion

The undisputed facts allow for only one conclusion: Mr. Walden failed to exhaust his available administrative remedies. Indeed, there is no evidence that he even tried to use the grievance process—or any other available administrative remedy—to address his complaints.

"To exhaust available remedies, a prisoner must comply strictly with the prison's administrative rules by filing grievances and appeals as the rules dictate." *Reid v. Balota*, 962 F.3d 325, 329 (7th Cir. 2020). Mr. Walden failed to do so. The defendants' motion for summary judgment, dkt. [21], is therefore **GRANTED**.

### V.    Conclusion

The defendants' motion for summary judgment, dkt. [21], is **GRANTED**. This Order resolves all claims remaining in this action. Final judgment in accordance with this Order and the Court's screening order, dkt. 8, shall now issue.

**SO ORDERED.**

Date: 1/24/2022

*James Patrick Hanlon*

James Patrick Hanlon
United States District Judge
Southern District of Indiana

Distribution:

JAMES ROBERT WALDEN
221088
WABASH VALLEY - CF
WABASH VALLEY CORRECTIONAL FACILITY - Inmate Mail/Parcels
6908 S. Old US Hwy 41
P.O. Box 1111
CARLISLE, IN 47838

Conner Ross Dickerson
INDIANA ATTORNEY GENERAL
conner.dickerson@atg.in.gov